IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CATHY A. HENRY, ) | Civil Action No. 3:09-26-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pro se pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). By Order of Reference (Doc. 26) from the Honorable Terry L. Wooten, United States District Judge, pursuant to 28 U.S.C. § 636, Local Rule 73.02(B), D.S.C. and the consent of the parties, the case is before the undersigned magistrate judge for a final order.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for DIB on August 19, 2004, alleging disability beginning July 24, 2004, due to chronic arthritis, heart disease, high blood pressure, acid reflux, disc problems, and diabetes. (Tr. 44, 87). Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held November 15, 2007, at which Plaintiff appeared and testified, the ALJ issued a decision dated January 15, 2008 denying



benefits and finding that Plaintiff was not disabled because she can perform her past relevant work as a cashier, short-order cook, home visitor, companion, and sprayer operator.

The ALJ found (Tr. 17-21):

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2006.

2. The claimant has not engaged in substantial gainful activity since July 24, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).

3. The claimant has the following severe impairments: arthritis, diabetes mellitus, hypertension and ischemic heart disease (20 CFR § 404.l520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work or to lift[/]carry twenty pounds occasionally and ten pounds frequently as well as sit and stand/walk six hours of an eight-hour workday with limitations in crawling, climbing, balancing and stooping in addition to restrictions in exposure to temperature extremes and humidity.

6. The claimant is capable of performing past relevant work as cashier, short-order cook, home visitor, companion and sprayer operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 24, 2004 through the date of this decision (20 CFR 404.l520(f)).

On October 24, 2008, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final action of the Commissioner. Plaintiff filed this action on January 6, 2009.



## STANDARD OF REVIEW

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." See 20 C.F.R. § 404.1505(a) and Blalock v. Richardson, supra.

Plaintiff's pro se pleadings are somewhat confusing.[1] In order to determine what her claims actually are, a review of her pleadings was undertaken and they were liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972).

## MEDICAL RECORD

Prior to her alleged onset of disability date, Plaintiff received treatment from Dr. Thomas G. Fleischer, an orthopedist, for right knee problems and low back pain. She underwent right knee arthroscopic surgery in July 1998. In September 1999, Dr. Fleischer recommended that Plaintiff undergo a lumbar laminectomy for a lumbar disc herniation at L5-S1 (Tr. 132-138). Plaintiff also received treatment at the Veterans Administration ("VA") medical clinic beginning in October 2002,

---

[1]Plaintiff failed to timely file a brief in this action, despite her asking for and receiving an extension of time to do so. See Docs. 28 and 30. She did, however, file a response brief (Doc. 42) which (along with the Complaint) has been considered.



for a number of issues, including complaints of knee and back pain, sinusitis, high cholesterol, smoking cessation, hypertension, menopausal issues, dental care, and diabetes (Tr. 194-323).

From February 2003 to January 2004, Plaintiff received evaluation and treatment for complaints of chest pain at Springs Memorial Hospital and Dorn VA Hospital. A left heart catheterization revealed obstruction of the left anterior artery, and her diagnoses included arteriosclerotic coronary artery disease, hypertension, diabetes, hyperlipidemia, unstable angina, and tobacco use (Tr. 144-178, 286-287). On December 8, 2003, Dr. Bhaskar R. Reddy, a cardiologist, stated that Plaintiff's chest pain could be secondary to small vessel disease (Tr. 324).

In a letter dated May 3, 2004, Dr. I. F. Afulukwe stated that Plaintiff had chronic low back pain, diabetes, hyperlipidemia, atherosclerotic heart disease, hypertension, and gastroesophageal reflux disease, for which she took multiple medications that caused side effects. Dr. Afulukwe opined that Plaintiff was "unable to function in a capacity that would allow her to be gainfully employed. It is my opinion that she is totally and permanently disabled...." (Tr. 328).

On July 26, 2004 (after Plaintiff's alleged onset date), Dr. Mark A. Ciminelli performed a left heart catheterization which revealed noncritical coronary artery disease and a normal left ventricular systolic function with an ejection fraction estimated at sixty-five percent (Tr. 179-180). On July 30, 2004, the VA granted Plaintiff entitlement to a non-service connected pension (Tr. 422-423).

Treatment notes on August 2, 2004 from Dr. Vipul B. Shah, a cardiologist, reveal that Plaintiff's recent bout of chest pain had resolved and she retained reasonably good exercise tolerance. Dr. Shah commented that Plaintiff was progressing reasonably well after repeat cardiac catheterization which failed to show any progression of her coronary artery disease (Tr. 327).

On October 1, 2004, Dr. Afulukwe provided a summary of his treatment of Plaintiff (from November 1998 to October 2004). He noted that he had seen Plaintiff only twice for the treatment of back pain, on December 15, 2003 and January 22, 2004. Dr. Afulukwe indicated that Plaintiff's examinations showed tenderness in the mid lumbar spine and painful range of motion. He prescribed Soma and Vicodin. Dr. Afulukwe noted that when Plaintiff returned on her second visit, she was better with the medications, but she would be unable to continue to come for office visits because of a lack of financial resources (Tr. 329).

On January 24, 2005, Dr. Robert Kukla, a state agency medical consultant, reviewed Plaintiff's records at the request of the Commissioner and completed a Physical Residual Functional Capacity Assessment form. Dr. Kukla opined that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and sit and/or walk about six hours in an eight-hour workday. He also opined that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl; and she should avoid concentrated exposure to extreme temperatures and humidity (Tr. 112-119). In August 2005, Dr. Darla Mullaney, a state agency medical consultant, reviewed the records and affirmed Dr. Kukla's assessment (Tr. 123).

On May 4, 2005, Plaintiff was advised by Physician's Assistant ("PA") Cherrie Thomas at the VA medical center that she needed to exercise and lose weight (Tr. 408). On July 28, 2005, Dr. Fleischer performed a disability examination. Plaintiff reported that she had last worked in July 2004 as a cook and clerk and a convenience store clerk and had stopped working because she had a heart attack. Plaintiff reported that she could only stand for thirty minutes at a time and complained of right leg pain, low back pain, left knee pain, elbow pain, and right foot pain. Dr. Fleischer noted that Plaintiff had a small disc herniation, but it had improved with conservative treatment. He noted



inconsistencies on examination, including that Plaintiff only flexed to sixty degrees while standing, but was readily able to sit on the examining table. He noted that Plaintiff had normal reflexes, normal range of motion of her extremities, no atrophy, no joint abnormalities, and negative straight leg raise testing. X-rays of Plaintiff's lumbar spine were normal. Dr. Fleischer diagnosed a history of small lumbar disc herniation. He opined that she was no longer symptomatic and wrote that "it is unclear to me why she is unable to work, at least from an orthopedic standpoint." (Tr. 138).

On August 15, 2005, Plaintiff complained to PA Thomas at the VA medical center that she experienced increased right buttock and thigh pain after her examination by Dr. Fleischer (Tr. 401-402). On August 19, 2005, Plaintiff reported that she retired from work because of her back pain. Examination revealed poor range of motion, but intact motor functioning and no neurological deficits. Plaintiff was given a Toradol injection for her back pain (Tr. 398, 401). On December 5, 2005, PA Thomas noted that Plaintiff had no new complaints and was tolerating her medications without side effects. She noted that Plaintiff's conditions were stable and controlled and advised Plaintiff to continue her medications (Tr. 392-393).

## **HEARING TESTIMONY**

At the hearing, Plaintiff testified that she last worked in July 2004 and supported herself with a VA disability pension. She stated that she had a heart attack and chronic back pain (Tr. 434, 437-438). Plaintiff stated that her back pain increased when she did too much, such as grocery shopping or laundry. She testified that she could not sit for more than thirty minutes or stand for more than twenty to thirty minutes (Tr. 440). She thought she could lift only ten or fifteen pounds. Plaintiff said that her pain medications made her sleepy and she spent most of her day sleeping,



reading, or watching television (Tr. 441-442). She reported that her back started to bother her in 1998, secondary to an injury at work (Tr. 442-443).

Vocational Expert ("VE") Jeanette Clifford also testified at the hearing. She stated that Plaintiff had worked in the vocationally relevant past as a short order cook, cashier, community program caseworker, personal care aid, companion, sprayer operator, mercerizer, and straddle truck driver. The ALJ asked the VE to assume a hypothetical individual of Plaintiff's age, education, and work experience, who was restricted to light work that only required occasional crouching, pulling, climbing, balancing, and stooping and which required no concentrated exposure to extreme temperatures and humidity. The VE testified that such an individual could perform Plaintiff's past relevant work as a short order clerk, cashier, community program caseworker, companion sprayer operator, and straddle truck operator (Tr. 444-445).

## **DISCUSSION**

Plaintiff appears to allege that: (1) the ALJ's decision is not supported by substantial evidence;[2] (2) the ALJ erred in finding that she could perform her past relevant work; (3) the ALJ erred in denying her benefits based on her receipt of a pension from the VA; and (4) additional

---

[2]Substantial evidence is:
> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984); Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966). It must do more, however, than merely create a suspicion that the fact to be established exists. Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).



medical records from 2008 and beyond show that she is disabled.³ The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.

**A.     New Evidence**

In her complaint, Plaintiff alleges that she was admitted to Dorn VA Hospital from November 18 to 21 (she does not say what year, but it is presumed that it was in 2008) for observation for possible heart attack and put on Bupropion and Amitriptyline for depression. Complaint at 4. In her response brief, Plaintiff alleges that she found out in November 2008 that she was suffering from PTSD and major depressive disorder. She attached copies of medical records from the VA medical center from August 2009.

Plaintiff fails to show that any new or additional evidence should be considered by this Court. "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the [Commissioner's] decision is supported by substantial evidence." Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972); see also 42 U.S.C. § 405(g). The evidence submitted by Plaintiff is not part of the administrative record. Thus, the Commissioner's decision should not be reversed based on this evidence as it is not part of the administrative record.

Additionally, Plaintiff fails to show that this action should be remanded to consider new evidence. Additional evidence must meet four prerequisites before a reviewing court may remand the case to the Commissioner on the basis of newly discovered evidence. These prerequisites are as follows:

---

³Plaintiff appears to allege that the ALJ purposefully did not have a hearing or make a decision until past her date last insured so that he could rule against her knowing that she could not put in a new claim for disability. She fails, however, to present anything to support this claim.



1. The evidence must be **relevant** to the determination of disability at the time the application was first filed and not merely cumulative.

2. The evidence must be **material** to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented.

3. There must be **good cause** for the claimant's failure to submit the evidence.

4. The claimant must present to the remanding court at least a **general showing** of the nature of the new evidence.

Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985)(emphasis added).[4] Plaintiff has not shown that the submitted 2009 medical records, for medical treatment that occurred more than three years after the expiration of her insured status (on June 30, 2006) are "relevant." A claimant must establish that the evidence was "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). These records are not relevant as they do not relate to the period on or before the ALJ's decision.

## B. VA Rating

Plaintiff alleges that the ALJ erroneously denied DIB to her because she already receives a pension from the VA. The Commissioner argues that the ALJ was not bound by the VA's disability rating.

---

[4]The court in Wilkins v. Secretary of Dep't of Health & Human Serv., 925 F.2d 769 (4th Cir.1991), rev'd on other grounds, 953 F.2d 93 (en banc), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). Id. at 774; see Wilkins, 953 F.2d at 96 n. 3. The standard in 42 U.S.C. § 405(g) allows for remand where "there is new evidence which is material and ... there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that the Borders construction of 42 U.S.C. § 405(g) is incorrect. See Sullivan v. Finkelstein, 496 U.S. 617, 626 n. 6 (1990). Thus, the more stringent Borders test should be applied. Even if the less stringent test is applied, Plaintiff fails to show that this case should be remanded because she fails to show that the new evidence is "material."



At the hearing before the ALJ, Plaintiff testified that she was receiving a disability pension from the Army. She submitted a copy of a ratings decision from the Department of Veterans Affairs indicating that she was entitled to nonservice-connected pension as of July 25, 2004, as she was unable to secure and follow a substantially gainful occupation due to her disabilities. Tr. 422-423, see also Tr. 447.

Evidence of an impairment includes: "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind[.]" 20 C.F.R. § 404.1512(b)(5). SSR 06-03p provides:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> *****
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Review of the ALJ's decision reveals that he did not discuss the VA disability decision at all. Although (as argued by the Commissioner) the ALJ is not bound by the VA's decision, the ALJ is required to evaluate all of the evidence in the case. See SSR 06-03p. Here, the ALJ did not do so,



such that it is impossible to determine whether all of the evidence was considered in determining Plaintiff's RFC and her ability to perform her past relevant work.

## **CONCLUSION**

The Commissioner's decision is not supported by substantial evidence. This action is hereby **remanded** to the Commissioner to consider all of the evidence, including the VA disability determination, in determining whether Plaintiff is "disabled."

**IT IS ORDERED** that the Commissioner's decision be **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

Joseph R. McCrorey
United States Magistrate Judge

March 10, 2010
Columbia, South Carolina

**The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.**